**In the Matter of James Edward WILLIAMSON, Bankrupt.**

**The BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF the STATE OF GEORGIA, on Behalf of the UNIVERSITY OF GEORGIA, Plaintiff,**

v.

**James Edward WILLIAMSON, Defendant.**

**Bankruptcy No. 79–585–Mac.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Sept. 14, 1982.

50

Karen Fagin White, Mark S. Marani, Macey & Sikes, Atlanta, Ga., for plaintiff.

Charles T. Erion, Erion, Exum, Mathis & Wootan, Macon, Ga., for defendant.

## STATEMENT OF THE CASE

### MEMORANDUM OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

Defendant James Edward Williamson filed his petition with this Court on June 27, 1979, under Chapter VII of the former Bankruptcy Act. His schedules listed Plaintiff, the Board of Regents of the University System of the State of Georgia, on behalf of the University of Georgia, as a creditor. At the time Defendant filed his bankruptcy petition, two cases against him had been instituted by Plaintiff in the State Court of Bibb County, Georgia. The suits sought recovery on two promissory notes that Defendant had executed in favor of Plaintiff. Each of the promissory notes represented student loans made by Plaintiff to Defendant. One loan, executed June 15, 1970, was made under the provisions of the National Defense Student Loan program and the other loan, executed September 19, 1972, was made under the provisions of the National Direct Student Loan program.

On July 18, 1979, Plaintiff filed a complaint in this Court, contending that Defendant's indebtedness to it was nondischargeable. The complaint asserted that section 1087–3 of Title 20 of the United States Code[1] made the loans nondischargeable.[2] In response, Defendant filed his answer and a motion for judgment on the pleadings, asserting that section 1087–3 had been repealed by section 317 of the Bankruptcy Reform Act of 1978, Pub.L.No. 598, § 317, 92 Stat. 2678. The Court granted Defendant's motion and entered a judgment determining the debts to be dischargeable in bankruptcy.

Plaintiff appealed, and the district court reversed[3] and remanded the case to this Court. The former Court of Appeals for the Fifth Circuit affirmed the district court's ruling. 665 F.2d 683 (5th Cir.1982). The Court of Appeals held that the premature repeal of section 1087–3 should have no effect on Defendant's bankruptcy case.

On remand, by order dated April 16, 1982, this Court, with the consent of the parties, granted partial summary judgment to Plaintiff with respect to the nondischargeability of the loan made to Defendant through the National Direct Student Loan program. The issue now before the Court is whether Defendant's indebtedness to Plaintiff arising under the National Defense Student Loan program is also nondischargeable.

## CONCLUSIONS OF LAW

The statute at issue in this proceeding is former section 1087–3 of Title 20 of the United States Code. It provided that:

(a) A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period)

---

1. Pub.L.No. 90–482, § 439A, 90 Stat. 2141 (1976), *formerly codified at* 20 U.S.C.A. § 1087–3 (1978).

2. That section made certain student loans nondischargeable in bankruptcy.

3. Civ. No. 80–124–Mac (M.D.Ga.1980).

beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five-year period, such loan may be released only if the court in which the proceeding is pending determines that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents.

(b) Subsection (a) of this section shall be effective with respect to any proceedings begun under the Bankruptcy Act on or after September 30, 1977.

20 U.S.C.A. § 1087–3 (1978) (repealed). The former Fifth Circuit has instructed this Court to apply section 1087–3 in this case as though it had not been repealed by the Bankruptcy Reform Act.[4] The question thus becomes whether section 1087–3 also applies to National Defense Student Loans. The Court is of the opinion that the section does apply to loans made under the National Defense Student Loan program.

Defendant argues that the language of section 1087–3 specifically addresses itself to National Direct Student Loans only, since it refers to loans insured or guaranteed *"under the authority of this part."* Defendant asserts that "this part" refers to Part B, Subpart IV of Chapter 28 of Title 20. While National Direct Student Loans are covered by Chapter 28, National Defense Student Loans are covered by Chapter 17 of Title 20. Thus, argues Defendant, technically, section 1087–3 covers only National Direct Student Loans. On the surface, the argument seems appealing. However, an examination of the events leading up to the enactment of section 1087–3 robs the argument of its appeal.

The National Defense Student Loan program was begun under the National Defense Education Act of 1958.[5] The National Direct Student Loan program was instituted under the Higher Education Act of 1965.[6] Thus, beginning in 1965, there were two direct student loan programs in existence. By a 1972 amendment to the 1965 Higher Education Act,[7] Congress effectively consolidated the two loan programs, and after 1972, no more loans were granted as "defense" loans.[8] Despite the consolidation, however, the National Defense Education Act was not repealed.

Thus, beginning in 1972, all direct student loans were made under the National Direct Student Loan program. When there began to be an abuse of the Bankruptcy Act by persons seeking to be relieved of the responsibility of repaying student loans, Congress enacted section 1087–3.[9] This section, enacted in 1976, made student loans nondischargeable if the debtor's bankruptcy petition was filed within five years of the first day of the loan's repayment period, except in certain hardship situations. In 1976, when section 1087–3 was enacted, there had been no National Defense Student Loans granted for four years. The Commissioner of Education, in charge of the National Direct Student Loan program, issued a regulation to the effect that the Commissioner considered any student loan fund established under the National Defense Student Loan program to have been established under the National Direct Student Loan program.[10] In short, the National Defense Student Loan program was a dormant program, except to the extent that loans made under the "defense" program continued to be collected.

---

**4.** The 1978 repeal of § 1087–3 came before the effective date of the Bankruptcy Reform Act of 1978, thus leaving a "gap" period between the repeal of § 1087–3 and the effective date of § 523 of the Bankruptcy Code, which is substantially similar to § 1087–3. Defendant had argued that during the "gap" period, all student loans were dischargeable.

**5.** National Defense Education Act of 1958, Pub. L.No. 85–864, 72 Stat. 1580.

**6.** Higher Education Act of 1965, Pub.L.No. 89–329, 79 Stat. 1219.

**7.** Pub.L. No. 92–318, 86 Stat. 235.

**8.** 45 C.F.R. § 174.2 (1980).

**9.** S.Rep. No. 882, 94th Cong., 2d Sess. 19, *reprinted in* 1976 U.S.Code Cong. & Ad.News 4713, 4731.

**10.** 45 C.F.R. § 174.1(b)(2) (1980).

The curious status of the National Defense Student Loan program in 1976, when section 1087–3 was enacted, accounts for the fact that section 1087–3 did not address National Defense Student Loans. Congress meant to prevent abuse of the Bankruptcy Code by persons desiring to avoid repaying their student loans. Since the National Defense Student Loan program and the National Direct Student Loan program had been effectively consolidated, Congress addressed loans under the National Direct Student Loan program only.

The intent of Congress, in light of the enactment of section 1087–3, was to bar debtors from discharging their student loans, except in certain instances which are not applicable to this case. The legislative history of section 1087–3 does not differentiate between National Defense Student Loans and National Direct Student Loans. Rather, it states that the enactment of section 1087–3 signifies the "adoption of the principle of prohibition of a student exercising an unintended use of the bankruptcy laws.[11] Thus, this Court, in effectuating Congress' intent, must declare nondischargeable the National Defense Student Loan owed Plaintiff by Defendant. To do otherwise would frustrate the Congressional purpose of preventing abuse of the Bankruptcy Code and would violate the mandate of the former Fifth Circuit that "common sense and evident statutory purpose must prevail." [12]

---

**11.** S.Rep. No. 882, 94th Cong., 2d Sess. 19, reprinted in 1976 U.S.Code Cong. & Ad.News 4713, 4731.

**12.** Board of Regents v. Williamson (In re Williamson), 665 F.2d at 685.